UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 25-cv-3530-RSH-GC |
| ASHKAN RAJAEE and NASSIM RAJAEE, | (Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL) |
| Debtors. | **ORDER DISMISSING APPEAL** |
| ASHKAN RAJAEE, | |
| Appellant, | [ECF Nos. 12, 13, 14, 15] |
| v. | |
| CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, WEINBERG GONSER FROST LLP, and JORDAN MATTHEWS, | |
| Appellees. | |

Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals from a November 12, 2025 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's "motion for findings and conclusions." ECF No. 1.

1

The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

As set forth below, the Court dismisses the appeal for lack of jurisdiction.

**I.    BACKGROUND**

The Court incorporates the description of the Bankruptcy Case contained in the Court's October 31, 2025 order denying one of Rajaee's previous bankruptcy appeals, Case No. 25-cv-667, ECF No. 23.

The instant appeal is one of Rajaee's numerous appeals pending in the U.S. District Court for the Southern District of California, each arising from an order entered in the Bankruptcy Case:

(1)    No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2)    No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3)    No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4)    No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; pending)

(5)    No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; pending)

(6)    No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7)    No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8)    The instant appeal, No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; pending)

(9)    No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; pending)

(10)   No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; pending)[1]

The instant appeal arises in connection with the Bankruptcy Court's July 10, 2025 order approving the Trustee's abandonment to Rajaee of the estate's claims against attorney Jordan Matthews and the law firm of Weinberg Gonser Frost, LLP (collectively, the "Weinberg Defendants"). *See* Bankruptcy Case, Dkt. No. 512.

On July 24, 2025, Rajaee filed a motion seeking further "findings of fact and conclusions of law" with respect to that July 10, 2025 order. *Id.*, Dkt. No. 539. Rajaee's motion was based on Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052. *Id.* at 6. The motion requested that the Bankruptcy Court make further determinations as to ten issues that Rajaee identified. *Id.* at 8-10. The Trustee opposed. *Id.*, Dkt. No. 558.

On November 12, 2025, the Bankruptcy Court denied Rajaee's motion. *Id.*, Dkt. No. 654. In that order, the Bankruptcy Court explained that Rajaee's motion was requesting additional findings on an order on which he prevailed:

> Debtor moves under FED. R. BANKR. P. 7052, asking for further findings on the Order at ECF No. 512. The Order at ECF No. 512 was entered as the ruling on the Trustee's notice of abandonment of property. Although the property was abandoned (meaning returned) to Debtor and he prevailed on the motion, he still seeks additional findings on that order.

*Id.* at 2. The Bankruptcy Court turned to Rule 52(a), which requires findings of fact and conclusions of law in connection with a bench trial. *Id.* at 2. The Bankruptcy Court continued, "[y]et a bench trial did not take place here. Rule 52(a) therefore does not

---

[1]   Additionally, Rajaee has filed several civil lawsuits against one or more of the appellees in this case, including the following actions assigned to the undersigned: (1) *Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (complaint filed Jan. 2, 2024; dismissed on Apr. 12, 2024); (2) *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); (3) *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); and (4) *Rajaee et al. v. Davis et al.*, No. 26-cv-80-RSH-GC (complaint filed Jan. 6, 2026; pending).

25-cv-3530-RSH-GC

mandate additional findings. Even so, this court made findings and conclusions on the record when it allowed the abandonment (ECF No. 511). Further, Debtor has not appealed Order at ECF No. 512, thus Rule 52's purpose – aiding appeal from a bench trial – is not served." *Id.*

Rajaee now appeals from the order denying his request for findings of fact and conclusions of law.

## II.   JURISDICTION

A party may appeal as of right from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *See* 28 U.S.C. § 158(a). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Ritzen*, 589 U.S. at 38 (quoting *Bullard*, 575 U.S. at 501).

In assessing whether an order is "final" for purposes of appealability, the Ninth Circuit applies "a pragmatic approach." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008)); *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable if it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties.") (cleaned up).

4

25-cv-3530-RSH-GC

If a bankruptcy court's order is interlocutory rather than final, district courts have limited discretionary appellate jurisdiction. *See* 28 U.S.C. § 158(a)(2), (3); Fed. R. Bankr. P. 8004. "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, No. 12-9795, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *accord Vistam, Inc. v. Flahaut*, No. 2:24-cv-4460-SSS, 2024 WL 5480346, at *2 (C.D. Cal. Dec. 5, 2024). "While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1.

Here, Rajaee's appeal does not challenge a final order of the Bankruptcy Court. The Bankruptcy Court's refusal to make further findings or conclusions in connection with its approval of an abandonment of estate property did not "resolve[] and seriously affect[] substantive rights," alter the status quo, determine the rights and obligations of the parties, or alter their legal relationships. The Bankruptcy Court's November 12, 2025 order was not an appealable final order. Additionally, the Court declines to grant leave for an interlocutory appeal of that order. Far from satisfying the requirements for an interlocutory appeal, Rajaee's appeal is meritless. As the Bankruptcy Court recognized, Rule 52 does not require findings of fact and conclusions of law in connection with the order at issue here; and in any case, the record reflects that the Bankruptcy Court made findings of fact and conclusions of law. Dkt. No. 511.

Accordingly, this Court dismisses Rajaee's appeal for lack of jurisdiction. In light of this disposition, the Court also denies the motions Rajaee filed after briefing on the merits was completed, seeking to "dismiss" adverse parties from Rajaee's own appeal, or to transfer the appeal to the Bankruptcy Appellate Panel because the Trustee should not be

a party to Rajaee's appeal. ECF Nos. 12-15. The Trustee is clearly a party to Rajaee's appeal and as such was entitled to elect district court review of the appeal. *See* 28 U.S.C. § 158(c)(1)(B).

## III.    CONCLUSION

For the foregoing reasons, Rajaee's appeal is **DISMISSED**. Rajaee's motions to dismiss and to transfer [ECF Nos. 12-15] are **DENIED**. The Trustee's motion for sanctions [ECF No. 11] is taken under submission. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 23, 2026

_____
Hon. Robert S. Huie
United States District Judge

25-cv-3530-RSH-GC