UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br>Debtors.<br><br>ASHKAN RAJAEE,<br>Appellant,<br><br>v.<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, WEINBERG GONSER FROST LLP, and JORDAN MATTHEWS,<br>Appellees. | Case No.: 25-cv-3530-RSH-GC<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER (1) GRANTING APPELLEE'S MOTION FOR SANCTIONS AND (2) DENYING APPELLANT'S MOTION FOR REHEARING**<br><br>[ECF Nos. 11, 18] |

Pending before the Court are two motions. Appellee Christopher R. Barclay ("Appellee" or "Trustee") moves for monetary sanctions against debtor Ashkan Rajaee ("Appellant" or "Rajaee") pursuant to Federal Rule of Bankruptcy Procedure 8020. ECF No. 11. Rajaee moves for rehearing pursuant to Fed. R. Bankr. P. 8022 of this Court's April

23, 2026 order of dismissal. ECF No. 18. As set forth below, the Court grants the Trustee's motion for sanctions, and denies Rajaee's motion for rehearing.

**I. BACKGROUND**

The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

The instant appeal arises in connection with the Bankruptcy Court's July 10, 2025 order approving the Trustee's abandonment to Rajaee of the estate's claims against attorney Jordan Matthews and the law firm of Weinberg Gonser Frost, LLP (collectively, the "Weinberg Defendants"). *See* Bankruptcy Case, Dkt. No. 512.

On July 24, 2025, Rajaee filed a motion seeking further "findings of fact and conclusions of law" with respect to that July 10, 2025 order. Dkt. No. 539. Rajaee's motion was based on Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052. *Id.* at 6. The motion requested that the Bankruptcy Court make further determinations as to ten issues that Rajaee identified. *Id.* at 8-10. The Trustee opposed. Dkt. No. 558.

On November 12, 2025, the Bankruptcy Court denied Rajaee's motion. Dkt. No. 654. In that order, the Bankruptcy Court explained that Rajaee's motion was requesting additional findings on an order on which he prevailed. *Id.* at 2. The Bankruptcy Court then turned to Rule 52(a), which requires findings of fact and conclusions of law in connection with a bench trial. *Id.* at 2. The Bankruptcy Court explained that a bench trial did not take place here, and that Rule 52(a) therefore does not mandate additional findings. *Id.*

On November 26, 2025, Rajaee filed a notice of appeal of the Bankruptcy Court's November 12, 2025 order. *See* ECF No. 1. On April 23, 2026, the Court dismissed the appeal for lack of jurisdiction and determined that the appeal was meritless. ECF No. 16 at 5. In the dismissal order, the Court further stated, "[i]n light of this disposition, the Court also denies … motions Rajaee filed after briefing on the merits was completed, seeking to 'dismiss' adverse parties from Rajaee's own appeal, or to transfer the appeal to the Bankruptcy Appellate Panel because the Trustee should not be a party to Rajaee's appeal.

The Trustee is clearly a party to Rajaee's appeal and as such was entitled to elect district court review of the appeal." *Id.* at 5-6 (citations omitted).

Prior to dismissal of the appeal, the Trustee filed his motion for sanctions, which has been fully briefed. *See* ECF Nos. 11, 20, 21. On May 6, 2026, Rajaee filed his motion for rehearing. ECF No. 18.

Rajaee has filed numerous appeals from the Bankruptcy Case. Rajaee or his spouse and co-debtor have filed at least twenty such appeals, none of which to date has been successful. *See* Case No. 26-cv-937, ECF No. 17 at 2-3 (listing status of various appeals). Rajaee has also filed several civil lawsuits against one or more of the appellees in this case, none of which have been successful to date. *See id.*

## II. LEGAL STANDARD

### A. Motion for Rehearing

Under Fed. R. Bankr. P. 8022, a party may move for rehearing of a district court's order on a bankruptcy appeal. "[T]he motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). A motion under Fed. R. Bankr. P. 8022 is similar to a petition for rehearing under Fed. R. App. P. 40. *See In re Fowler*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (affirming denial of motion for rehearing where district court applied Rule 40 standard in bankruptcy matter); *In re Silver*, No. 23-60004, 2024 WL 838698, at *1 (9th Cir. Feb. 28, 2024) (citing *Fowler* as setting forth the standard of review on a Rule 8022 motion).

"[A] petition for rehearing is not a vehicle for a party to 'study and reargue his case anew.'" *United States v. Mageno*, 786 F.3d 768, 775 (quoting *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)); *see also Easley v. Reuss*, 532 F.3d 592, 593-94 (7th Cir. 2008) (collecting cases for the proposition that Fed. R. App. P. 40 "is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, [courts] shall not entertain arguments raised for the first time in a petition for rehearing").

**B. Motion for Sanctions**

Under Fed. R. Bankr. P. 8020, "[i]f the district court . . . determines that an appeal is frivolous . . . it may award just damages and single or double costs to the appellee." Sanctions are awardable under Fed. R. Bankr. P. 8020, and these costs may include attorneys' fees. *See Benham v. Hagen (In re Benham)*, 220 F. Supp. 3d 1033, 1043 (C.D. Cal. 2016); *First Intercontinental Bank v. Ahn (In re Ahn)*, 2016 Bankr. LEXIS 282, *27 (B.A.P. 9th Cir. 2016).

"An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *Erde v. Bodnar (In re Westwood Plaza North)*, 889 F.3d 975, 977 (9th Cir. 2018) (citation omitted). Courts consider several factors when determining if an appeal is frivolous, including whether the appellant's argument "addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record." *Aldana v. Stadtmueller (In re De Jesus Gomez)*, 592 B.R. 698, 709 (B.A.P. 9th Cir. 2018) (quoting *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002)).

Fed. R. Bankr. P. 8020 is modeled after Federal Rules of Appellate Procedure 38 (Fed. R. App. P. 38). *First Fed. Bank v. Weinstein (In re Weinstein)*, 227 B.R. 284, 297 (B.A.P. 9th Cir. 1998). Courts can look to cases applying Fed. R. App. P. 38 when determining whether an appeal is frivolous and an award of costs is appropriate. *Id.*; *In re Ashai*, 211 F. Supp. 3d 1215, 1243 (C.D. Cal. 2016) (collecting cases). "The court may in its discretion impose Rule 38 sanctions for a frivolous appeal against an appellant even if the appellant is proceeding pro se." *In re Westwood Plaza North*, 889 F.3d at 977. Additionally, a court may award sanctions for a frivolous appeal over whose merits the court lacks appellate jurisdiction. *Id.* (ordering sanctions where "[t]he appeal of the district court's orders was wholly without merit, and sought review of multiple district court orders over which this court lacked jurisdiction").

## III. ANALYSIS

### A. Rajaee's Motion for Rehearing

The Court begins with Rajaee's motion for rehearing. Rajaee's motion appears to accept that the Court properly dismissed his appeal as non-final, but takes issue with the Court's denial of motions that Rajaee filed after briefing on the merits was complete, in which he challenged whether the Trustee was a proper party to the appeal. *See* ECF No. 18 at 7. Yet Rajaee's motion for rehearing appears to concede that the Court, having concluded that it lacked jurisdiction, should have denied that ancillary motion. *See id.* at 8 ("If the Court lacked appellate jurisdiction, the ordinary consequence would be a dismissal that avoids merits determinations and denies collateral motions as moot or without prejudice."). In any case, as the Court previously determined, Rajaee's argument that the Bankruptcy Court-appointed trustee is not a party to Rajaee's bankruptcy appeal is meritless.

In arguing for rehearing, Rajaee also contends that the Court erred in dismissing as non-final his appeal of the Bankruptcy Court's November 12, 2025 order denying his request for findings of fact and conclusions of law, when in fact, he argues, he was also appealing the Bankruptcy Court's July 10, 2025 order approving the Trustee's abandonment to Rajaee of the estate's claims against the Weinberg Defendants. ECF No. 18 at 13-16. Rajaee contends that the two orders "merged," such that an appeal of the later-filed order was also an appeal of the earlier-filed order. *Id.* at 16.

This argument is meritless. Rajaee did not, and could not, appeal from the Bankruptcy Court's July 10, 2025 order approving the abandonment of property; as the Bankruptcy Court explained in denying Rajaee's subsequent motion for findings, the July 10, 2025 order *benefited* Rajaee by returning property to him. *See In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999) (holding that a bankruptcy appellant has standing "if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights") (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir.

1983)). There is no indication in the record that Rajaee is actually seeking to overturn the abandonment order; instead, his objective in this appeal appears to be collaterally attacking a judgment previously entered against him in San Diego Superior Court confirming an arbitration award. *See* ECF No. 18 at 10 ("Appellant's rehearing point is precise: the issue is whether the San Diego court lacked subject-matter jurisdiction to confirm a non-compliance arbitration ruling."). This objective has no relationship to the Bankruptcy Court's approval of abandonment of property to Rajaee.

The Court declines to grant rehearing.

**B. The Trustee's Motion for Sanctions**

The Trustee moves for sanctions under Bankruptcy Rule 8020, arguing Rajaee's appeal is frivolous. ECF No. 11-1 at 1. The Court agrees. Even apart from lacking appellate jurisdiction, Rajaee's appeal is wholly without merit. As set forth in the Court's April 23, 2026 order of dismissal, the applicable rule plainly reflects that Rajaee was not entitled to further findings of fact or conclusions of law. *See* ECF No. 16 at 3, 5. Nor has he presented any meritorious basis to appeal from the abandonment order which approved the transfer of property to him.

The Court considers this appeal in the light of Rajaee's numerous, repetitive bankruptcy appeals and lawsuits, most of which have been adjudicated, and in none of which has Rajaee prevailed.[1] The sheer number of proceedings that Rajaee initiated does not tell the whole story. Within many of these proceedings, Rajaee has made repetitive, lengthy filings, sometimes accompanied by thousands of pages of exhibits. Among the matters that this Court has adjudicated, the same note sounds again and again: Rajaee is bringing federal lawsuits and appeals from his own bankruptcy filing to collaterally attack a prior loss he sustained in state court, and so far has been unable to find a legal basis for

---

[1] The Court expresses no view herein on the merits of cases or motions the Court has not yet adjudicated.

succeeding with such an attack. In the context of these repeated failures, coupled with the obvious lack of merit in the instant appeal, the Court infers that Rajaee's appeal is brought and pursued in bad faith for an improper purpose, namely, to burden his adversaries with prolonged and repetitive litigation. The Court finds that an award of fees and costs is warranted.[2]

Under Fed. R. App. P. 38, the award of attorneys' fees and costs "must be limited to appellees' direct fees and costs for defending against the frivolous appeal and may not include the fees and costs incurred regarding the imposition of sanctions." *Blixseth v. Yellowstone Mt. Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017). The Trustee's current request appears to include fees and costs incurred in seeking sanctions. *See* ECF No. 11-2 at 2. The Court will provide the Trustee an opportunity to provide adequate evidence of his direct costs and fees incurred in defending this appeal, not including fees and costs incurred regarding the imposition of sanctions, and will provide Rajaee an opportunity to respond.[3]

//

//

//

//

//

---

[2] The Court notes Rajaee's pro se status in this case, but also notes that in other cases he or his spouse have been represented by counsel. *See* Case Nos. 25-cv-777, 25-cv-778, 26-cv-80, 26-cv-3060, 26-cv-3166, 26-cv-3809. Rajaee has had the benefit of access to legal representation and his current pro se status does not insulate him from being sanctioned.

[3] The Court takes notice of court filings as appropriate without the need to grant or deny judicial notice. To the extent Rajaee has filed objections [ECF No. 22] to the Trustee's briefing or argument, those objections are overruled. Rajaee may not use separately-filed objections to further advance, develop, or repeat arguments that are properly made in his briefing.

## IV. CONCLUSION

For the foregoing reasons, Rajaee's motion for rehearing [ECF No. 18] is **DENIED**. The Trustee's motion for sanctions [ECF No. 11] is **GRANTED**. No later than ***fourteen (14) days from the date of this order***, the Trustee shall file a claim for its recoverable costs and fees supported by adequate evidence. No later than ***fourteen (14) days after such filing***, Rajaee may file appropriate objections to such evidence or to the Trustee's fee calculation.

**IT IS SO ORDERED**.

Dated: August 10, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge